UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTOMOTIVE FINANCE CORP., <br><br> Plaintiff, <br><br> vs. <br><br> KELLY ANDREE RAPHAEL and AUTOSOURCE I, INC., <br><br> Defendants. | CASE NO.  1:16-CV-02027 (CBA) (SMG) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION FOR REPLEVIN**

Shaun M. Malone, Esq.
BELLAVIA BLATT & CROSSETT, P.C.
200 Old Country Road
Mineola, New York 11501
516-873-3000

*Attorneys for Defendants Kelly Raphael and Autosource I, Inc.*

1

Defendants Kelly Raphael and Autosource I, Inc. (together, "Autosource") (collectively, "Defendant" or "Defendants"), submit this Memorandum of Law in opposition to the motion filed by the plaintiff, Automotive Finance Corp. ("AFC" or "Plaintiff"), for an order of replevin with regard to eight (8) motor vehicles owned by the Defendants in which Plaintiff claims a security interest.

## I. BACKGROUND AND FACTS

Plaintiff commenced this action seeking to recover money damages for breach of a promissory as to which the Plaintiff claims Defendant is in default.  Plaintiff has also asserted a claim for replevin of eight motor vehicles owned by the Defendant, in which Plaintiff claims a lien and a security interest backing the promissory note.

Plaintiff has now moved the Court for an order granting Plaintiff an immediate right to replevin of the motor vehicles pending the full litigation of the action.  Plaintiff asserts that Indiana law applies to its claims in the complaint, and its motion for replevin, pursuant to a "choice of law" clause in the promissory note and related documents.

## II. ARGUMENT

### A. The Plaintiff's Motion For Replevin is Insufficient for the Court to Grant Replevin Under Indiana Law

As the Plaintiff notes in its moving papers, the subject motion for replevin must be evaluated pursuant to Indiana Code §§ 32-35-2-1 et seq.  Indiana Code § 32-35-2-1 states as follows:

> "If any personal goods, including tangible personal property constituting or representing choses in action, are:

   (1)  wrongfully taken or unlawfully detained from the owner or person claiming possession of the property; or

   (2)  taken on execution or attachment and claimed by any person other than the defendant;

the owner or claimant may bring an action for the possession of the property."

The procedures for seeking and obtaining an order of replevin, and an enumerated list of what the movant must establish in order to warrant the Court's consideration of an order of replevin, are set forth in Indiana Code § 32-35-2-4.

Indiana Code also sets forth an additional requirement that a movant seeking replevin must fulfill as a prerequisite to seeking an order of replevin pursuant to Indiana Code (i.e., §§ 32-35-2-1 et seq.)  That additional prerequisite is that the movant seeking replevin must post a suitable bond in favor of the entity holding the subject property, as security for the value of the property seeking to be summarily repossessed.

Indiana Code § 32-35-2-21 provides as follows:

"(a)  Except as provided in subsection (c), the court may not issue an order of possession, with or without notice, in the plaintiff's favor in an action under this chapter until the plaintiff has filed with the court a written undertaking:

   (1)  in an amount fixed by the court; and

   (2)  executed by a surety to be approved by the court;

to the effect that the plaintiff and the surety are bound to the defendant for the value of the property, as determined by the court, along with other damages the defendant may suffer if the property has been wrongfully taken from the defendant.

(b)  The amount of the bond may not be less than the value of the property.

(c)  If the defendant has failed to appear and final judgment is entered, no written undertaking is required."

It is respectfully submitted to the Court that the moving Plaintiff has not demonstrated

compliance with Indiana Code § 32-35-2-21, and the Plaintiff does not address any such alleged compliance in its motion or in its supporting papers.  Accordingly, the Plaintiff has not demonstrated entitlement to an order of replevin pursuant to Indiana Code.

It should be noted that the Plaintiff cannot correct this deficiency in its motion papers by addressing it for the first time in its reply papers.  See, e.g. *Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Sciences*, 804 F.3d 178, 192 (2d Cir. 2015) (holding that the plaintiff waived an argument that he failed to address in his original brief); *Manon v. Pons*, 131 F. Supp. 3d 219, 238-39 (S.D.N.Y. 2015) (holding that the "standard rule" that "arguments may not be made for the first time in a reply brief . . . applies with equal force in the District Court."

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the Plaintiff's motion for an order of replevin should be denied in its entirety.

Dated: Mineola, New York
       July 19, 2016

                                  BELLAVIA BLATT & CROSSETT, P.C.

                        By:    /s/_____
                                Shaun M. Malone (SM-4273)
                                Attorneys for the Defendants
                                200 Old Country Road, Suite 400
                                Mineola, NY 11501
                                (516) 873-3000