


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
AUTOMOTIVE FINANCE CORPORATION,

                Plaintiff,

v.

KELLEY ANDREE RAPHAEL
and AUTOSOURCE I, INC.,

                Defendants.

------------------------------------------------------------------X

16-CV-2027 (CBA) (SMG)

DEFENDANT KELLEY A.
RAPHAEL'S RESPONSE TO
PLAINTIFF'S BRIEF IN
OPPOSITION TO APPLICATION
TO VACATE DEFAULT
JUDGMENT

Defendant Kelley A. Raphael writes this Response to Plaintiff's Brief in Opposition to Application to Vacate Default Judgment:

## INTRODUCTION

I do not want to be repetitive. I only want to respond to some of the comments made in plaintiff's counsel's affidavit and Plaintiff's Brief in Opposition to Application to Vacate Default Judgment. Most of what plaintiff's counsel says in plaintiff's opposition is what I hope to be able to address if the judgment is vacated. While I do not want to be repetitive, I do not want to risk the judgment not being vacated because I have not responded to plaintiff's opposition.

1.     Plaintiff's counsel states I entered into a loan agreement with plaintiff and personally guaranteed the loan. That remains to be determined. As I mentioned in my "order to show cause" letter dated February 4, 2019, my husband, Wendells Raphael, did a lot of things without my knowledge or consent, including signing my name to documents. Upon looking at the loan agreements mentioned by plaintiff's counsel, I am positive that I did not sign the Aggregate Advance Limit Amendment for $300,000 or the Aggregate Advance Limit Amendment for $450,000. To be honest, I am not sure about the documents signed on 1/22/2015. Those signatures

look similar to mine, including the Aggregate Advance Limit of $150,000. I cannot definitively say that those signatures are or are not mine.

2. Plaintiff counsel also states that I was represented by counsel. If that is true, I had no knowledge of that. I did not hire, pay, or even meet an attorney by the name Shaun M. Malone, Esq. Again, Wendells Raphael did things I had no knowledge of. This would be another example of that. I only heard about attorney Malone through an attorney I met with for a consultation. When I met with this attorney (who I'm not naming since I have not hired him), he told me that at one time there was an attorney on the case but that the attorney withdrew himself because of lack of payment. This consultation attorney even said that Malone admitted in his withdrawal document that he had never met me. I do not have a copy of the withdrawal affidavit. I could try to get it from the Pro Se Clerk or the attorney I conferred with to attach to this Response.

3. Plaintiff counsel states that I did not dispute the loan. I did not appear at all for the reasons listed in my order to show case letter dated February 4, 2019. I would like the opportunity to do so on my behalf if the default judgment is vacated. I do not know what Wendells Raphael or attorney Malone agreed to. I was not privy to any such discussion(s). Since Wendells Raphael hired him and consulted with him, why would he claim forgery? He was the forger. I would love to see attorney Malone's affidavit. I find it hard to believe that he would say he never met me in one place and then say I was "uncommunicative" and "uncooperative" in another. He was obviously referring to Wendells Raphael in this regard. (I note that plaintiff's counsel mentions portions of Malone's affidavit but does not mention that Malone said he never met me.)

4. Plaintiff counsel states that I received a subpoena to appear. I do not believe I ever received a subpoena to appear for a deposition in this case. Counsel may have sent it, but I never received it. This is the risk of using a last known address rather than a current mailing address.

5. Plaintiff's counsel states that to date defendants have failed to comply with the Order for Possession. I did not operate the business and know nothing about the location of any cars, or an Order for Possession for that matter. If I knew where any vehicles were, I would certainly blow the whistle. I have not "declined to tell her where the vehicles are." I have no clue where they are. At the direction of plaintiff's counsel (she called me directly after receiving my 2/4/2019 letter from the Court), I reached out to Wendells Raphael and relayed plaintiff's counsel's message that if cars were returned the problem would go away. His response was that the sheriff came to the offices and his mother's address and repossessed the vehicles.

6. Plaintiff's counsel states that plaintiff's collateral vehicles are most likely rented or leased to third parties and defendants are enjoying the stream of income from the rental vehicles. Believe me, I am not enjoying anything. I never even took a salary from the business. I was only a CEO on paper. I have a 9-5 to go to every day. I am a fulltime secretary and that is the salary I live on. I did not operate the business. I did not form the corporation. Wendells Raphael did. He is the one who chose the title CEO. The actions of one man has turned my stable life upside down, from stable to chaotic. I have been hurt financially, not helped. I do not even own a nice car. I drive an 11-year-old vehicle that currently takes me to the LIRR station and back, a drive that is about five minutes each way. I do not believe in burdening myself with high car notes. I never have. That is the way I have lived my life, yet I am being pursued for hundreds of thousands of dollars for cars. Plaintiff's counsel wants to make me out to be a villain, but that does not make it a fact. The facts will prove otherwise. Plaintiff's counsel also wants to make me out to be dishonest. I certainly am not that. I used language such as "including the documents that formed the basis of plaintiff's case" because I was not sure I knew of all the documents. I was not trying to be misleading. I have been very forthcoming.

7. Plaintiff's counsel is right that I use no legal authority, but I would think service to a current address would be a legal principal. My default was not willful. My life has been a whirlwind since May of 2016. I have been fighting to get my life back ever since. First I fought with Wendells Raphael, the person who got me into this mess. Upon seeing no results, I have been trying to get my life back in order on a limited budget of time and money.

8. Plaintiff's counsel states that a lay person can see that the signature on the letter to the court corresponds with the signed, witnessed and notarized documents that form the basis of the loan agreements. Please do take my signature from my 2/4/2019 letter and compare it to all of the signatures on all of the documents. As I mentioned above, you will see that the 1/22/2015 signatures are close and questionable and that the later signatures are obviously not mine. What gives me pause about the 1/22/2015 documents are the date of the notarization. If the documents were signed on 1/22/2015, why is the notarization date 2/24/2015? Also, the two later documents were not even notarized although there is a place for a notarization. How did they pull that off?

9. Plaintiff's counsel states the reason she used my Queens, New York address. I also see a letter in my papers where they send mail to me at my mother-in-law's Lenox address. The fact still stands that these are not my mailing addresses and I would not get mail for either of these addresses in a timely fashion. Other Autosource I creditors have found me in Hewlett at my current mailing address and I have been dealing with these matters. I would like the opportunity to do so with this case as well now that my address is in plaintiff's counsel's file.

10. Plaintiff's counsel states that it was not until plaintiff recently recorded its docketed judgment against my real property in Queens, New York that I suddenly decided to act. I did not even know that there was a judgment against the Queens address. This is my first knowledge of that. How would I know that? I never received anything to that effect at any address to my

-4-

knowledge. The only reason I am responding now is because I received the Judgment itself. Although the Judgment is dated in September of 2018, I did not get it until January of 2019 and I submitted the letter in early February of 2019. Again, just because plaintiff counsel thinks it and says it that does not make it fact. One of the hardest things about this whole ordeal is that I am being demonized when I am a victim here. I lived my life to deserve the opposite of that. I pay my bills on time. I live within my means. Nevertheless, here I am being sought after for close to $300,000.

11.     Plaintiff's counsel said that I can pursue my husband for $300,000. So can plaintiff. I see an affidavit where he signed as president. But as I told plaintiff's counsel when she called me earlier this month, Wendells Raphael was deported to Haiti. He was not deported for his actions related to Autosource I, or perhaps he was indirectly. To be clear, there are many things I have learned about Wendells' actions, and they have been difficult to hear. It started with that first call from a bill collector in May of 2016. More recently, and the worst of which, was learning that Wendells had created a driver's license with my name and his picture. I learned this from an ADA in October of 2018 who quickly realized that I was clueless of Wendells' actions. I had another matter where I was accused of guaranteeing a loan with the Small Business Administration. I knew I never signed any SBA documents. The SBA had me come into their offices and sign my name forty times as well as provide four existing documents with my signature. They ultimately forgave the debt. (Decision attached as Exhibit A.) I know this is a different matter, but my point here is that I am a victim of forgery and ID theft.

12.     Yes, I rely on the mercy of the Court. I also rely on the fact that plaintiff's counsel served me at a former mailing address and the fact that some of the signatures (and notarization) are questionable while others are definitely not mine. What keeps me hopeful in spite of my current

circumstances is this: if one person can turn your life upside down, another can come and turn it right-side up. Wendells Raphael upset a lot of lives, but if trouble can come just like that, so can help.

Thank you for your time and consideration in this matter. I have been repetitive when I did not want to be, and I have said more than I intended. I close by requesting once again that the default judgment be vacated.

Dated: New York, New York
February 20, 2019

Respectfully submitted,

By: *[signature]*
Kelley A. Raphael, Pro Se

Sworn to before me this
20th day of February, 2019

*[signature]*

KATHLEEN M. McCANN LOVINGER
Notary Public, State of New York
No. 01MC4824206
Qualified in Suffolk County
Commission Expires Aug. 31, 2019 2022

-6-

**EXHIBIT A**



U.S. SMALL BUSINESS ADMINISTRATION
WASHINGTON, D.C. 20416

Kelley A. Raphael
1517 Broadway
Hewlett, NY 11557-1427

Re: U.S. Small Business Administration Loan # 7148585010
Administrative Wage Garnishment Decision

## GARNISHMENT HEARING DECISION

On April 21, 2017 the Department of the Treasury proposed to collect money it claimed you owed the United States Small Business Administration (SBA) through wage garnishment. You objected because you claimed you did not owe the debt. More specifically, you claimed that your signatures on the debt instruments were forged. You have asked me to make a careful, independent review of your account. I have done so, and based on the information you have given me, as well as information supplied by the SBA and the Federal Government generally, I have decided that you do not owe the debt to SBA. Therefore, wage garnishment may not go forward.

13 C.F.R. § 140.11(f)(8) provides:

> *Burden of Proof* (i) The SBA will have the burden of going forward to prove the existence or amount of the debt.
>
> (ii) Thereafter, if you dispute the existence or amount of the debt, you must establish by a preponderance of the evidence that no debt exists or that the amount of the debt is incorrect. In addition, you may present evidence that the terms of the repayment schedule are unlawful, would cause you a financial hardship, or that collection of the debt may not be pursued due to operation of law.

Evidence in the file shows that on or about October 29, 2014, Autosource, Inc. entered into an SBA-guaranteed $50,000 revolving term Note in favor of Citizens Bank. This Note appears to be signed by you as President. The file also contains a personal guarantee of the Note, which also appears to be signed by you. I have attached a copy of the Note as Exhibit # 1 and the guarantee as Exhibit # 2. This evidence is sufficient to allow SBA to meet its burden under 13 C.F.R. § 140.11(f)(8)(i) of going forward to prove the existence of the debt. The burden then falls on you to show, by the preponderance of the evidence, that you do not owe the debt.



1

To that end, you have claimed that someone forged your signatures on the loan agreements. In a letter to the Department of the Treasury, Bureau of Fiscal Service, dated July 18, 2017, you stated:

> I had no knowledge of this loan. There are some transactions that were completed with my knowledge and some without. It is my understanding that this particular loan was transacted without my knowledge. My husband operates the business and, unfortunately, he is not the bets communicator...I am now paying $882.40 a month toward[] repaying business debt that I did not incur....

To determine more definitively whether the signatures on the loan instruments were yours, I asked you to submit original samples of your handwriting. In response, you submitted a Flexible Benefits Plan Authorization and an Acknowledgment of Performance Review bearing your original signatures. I also asked you to sign forty documents in the presence of Susan Ulicny, Esq., an attorney in SBA's New York City District Office, who would countersign. You did so. I sent your samples, along with the original Note and guarantee, a Form 1120, a Secretary's Certificate, an automatic payment authorization, a disbursement authorization, a loan and security agreement, a fee disclosure form and compensation agreement, and a borrower's certification to the U.S. Secret Service Office of Investigations Forensic Service Division. All of these documents purported to have your signature on them.

The Secret Service sent back a report which said, in pertinent part:

> With the available exhibits, there are indications that Kelley Andree Raphael (S1) may not have written the Kelley A. Raphael/Kelley Andree Raphael signatures on Exhibits Q1 through Q11. The evidence, however, is far from conclusive.....

I have attached this report as Exhibit # 2.

Although the evidence is not conclusive, it need not be, since your obligation is to show that you do not owe the debt only by the preponderance of the evidence. The indications that the Secret Service found that you did not sign the debt instruments – or anything else in the lender's file – tip the balance in favor of a conclusion that you do not owe the debt, and I so find and conclude.

Therefore wage garnishment may not go forward.

I have returned your writing samples in a separate file included in this envelope.

<u>Reconsideration:</u> You may seek judicial review in Federal District Court.

2

Legal Protection From Employer Adverse Action: Your employer may not discharge you from employment, nor take disciplinary steps against you, as a result of an AWG Order. Nor can a prospective employer refuse to employ you as a result of this action. If any such actions for such reasons are taken against you, you should seek legal counsel as to your rights against your employer.

Limitation of Scope of Decision: This determination affects only the debt described in the notice of garnishment, and is totally separate from any notice of proposed Federal payment offset or garnishment which you may have received from any other Agency.

Pursuant to 13 C.F.R. § 140.11(f)(12), this is the final agency decision for purposes of judicial review under the Administrative Procedures Act (5 U.S.C. 701 et seq.)

Executed this 12th day of April, 2018.

T.C. Treanor
Administrative Wage Garnishment Hearing Officer
Room 7221
409 3rd Street SW
Washington, DC 20416

c. Administrative Wage Garnishment Liaison
P.O. Box 830794
Birmingham, AL 35283-0794

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AUTOMOTIVE FINANCE CORPORATION,

                      Plaintiff,                    16-CV-2027 (CBA) (SMG)

      v.                                    **AFFIDAVIT OF SERVICE**

KELLEY ANDREE RAPHAEL
and AUTOSOURCE I, INC.,

                      Defendants.
-----------------------------------------------------------------X

KELLEY A. RAPHAEL, declares that I have served a copy of the Response to Opposition to Order to Show Cause to Vacate Default Judgment by Certified and Regular Mail on February 20, 2019 to DONNA L. THOMPSON, attorney for plaintiff, 442 Retford Avenue, Staten Island, NY 10312-6108.

Dated: New York, New York
          February 20, 2019

                                                  _____
                                                  KELLEY A. RAPHAEL, *pro se*

Sworn to before me this
20th day of February, 2019

_____
Notary Public

KATHLEEN M. McCANN LOVINGER
Notary Public, State of New York
No. 01MC4824206
Qualified in Suffolk County
Commission Expires Aug. 31, ~~2019~~ 2022